IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                         No. CR 20-1725 KG

RUBEN FLORES,

      Defendant.

<u>ORDER ON MOTION TO DISMISS THE INDICTMENT</u>

This matter is before the Court on Defendant Ruben Flores' Motion to Dismiss the Indictment (Motion), filed September 23, 2020.  (Doc. 28).  Mr. Flores' Motion is now fully and timely briefed.  *See* (Doc. 29, Response).  Having considered the parties' briefing, the record in the case, and the relevant law, the Court denies Mr. Flores' Motion.

    I.     *The Indictment*

On September 16, 2020, an indictment charged Mr. Flores with two Counts of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924.  (Doc. 24) at 1-2.  In Count 1, the indictment alleges that Mr. Flores committed the offense "[o]n or about July 5, 2019, in Lea County, in the District of New Mexico[.]"  *Id.*  at 1.  In Count 2, the indictment alleges that Mr. Flores committed the offense "[o]n or about July 5, 2019, in Lea County, in the District of New Mexico, at a time and place different than in Count 1[.]"  *Id.* at 2.  Both Counts enumerate Mr. Flores' eight prior felony convictions and allege that Mr. Flores "knowingly possessed a firearm and ammunition in and affecting commerce."  *Id.* at 1-2.

II.     *The Motion*

Mr. Flores proffers four arguments in support of his Motion.  First, Mr. Flores argues that neither of the two Counts "establish a nexus to the Commerce Clause" and they, therefore, "do[] not state a federal offense" sufficient to establish federal jurisdiction.  (Doc. 28) at 2.  Similarly, Mr. Flores argues that "[t]here is no allegation that the firearm(s) [were] manufactured outside of the State of New Mexico," *e.g.*, there is no "interstate or foreign commerce" language, and, thus, "the [i]ndictment is impermissibly vague."  *Id.*  Next, Mr. Flores contends that the indictment "fails to give [him] fair notice of what alleged offenses he must prepare to defend against," because it lacks a description of "where and when" each offense occurred and the type of firearm at issue.  *Id.* at 3.  Lastly, Mr. Flores avers that the indictment "contains unredeemably [*sic*] harmful and prejudicial language" because it "sets out the nature of [his] prior felony conviction[s]."  *Id.* at 3.  For these reasons, Mr. Flores urges the Court to dismiss the indictment.

In response, the United States argues that the indictment need only satisfy "minimal constitutional standards" to withstand judicial review.  (Doc. 29) at 2.  Furthermore, the United States contends that the indictment adequately advises Mr. Flores of the charges against him.  *Id.* at 2-4.  Finally, the United States asserts that Mr. Flores can stipulate at trial "to the fact that he is a felon," thus, eliminating any potential prejudice stemming from his prior felony convictions.  *Id.* at 5.  The United States, therefore, requests that the Court deny Mr. Flores' Motion.

III.    *Applicable Law*

A.    *Sufficiency of the Indictment*

In general, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]"  Fed. R. Crim. P. 7(c)(1).  An indictment satisfies this standard "if it sets forth the elements of the offense charged, puts the defendant on

fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (citing *United States v. Poole*, 929 F.2d 1476, 1478 (10th Cir. 1991)).  If an indictment "sets forth the words of the statute … [it] is [generally] sufficient so long as the statute itself adequately states the elements of the offense." *Id.* (citing *United States v. Darrell*, 828 F.2d 644, 647 (10th Cir. 1987)).  Conversely, the "indictment is not insufficient merely because it fails to recite the precise language of the statute." *Poole*, 929 F.2d at 1479.

Notwithstanding the "minimal constitutional standards" required to render an indictment sufficient, a defendant may file a pretrial motion alleging "a defect in the indictment … including; [] lack of specificity[,] and failure to state an offense[.]" *Dashney*, 117 F.3d at 1205; Fed. R. Crim. P. 12(b)(3)(B)(iii), (v).  When reviewing a challenge to the sufficiency of an indictment, a court should employ "practical rather than technical considerations." *Dashney*, 117 F.3d at 1205.  In addition, a reviewing court should determine "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offence." *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010) (citing *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006)).  In its analysis, a court must generally look to the plain language of the indictment and ignore extrinsic factual evidence or attached exhibits.  *Todd*, 446 F.3d at 1067 (explaining that "[c]ourts should [] avoid considering evidence outside the indictment when testing the indictment's legal sufficiency").  Indeed, a court may only answer "pure questions of law," rather than allegations that speak to the factual sufficiency of the conduct charged.  *Pope*, 613 F.3d at 1260.

### B.  Prejudice from Prior Felony Convictions

When an offense requires "the element of felony-convict status," the district court must allow the defendant to stipulate to that element.  *Old Chief v. United States*, 519 U.S. 172, 191 (1997).  If the defendant "concede[s] the existence of the prior felony conviction," the government may not "introduc[e] any evidence as to the nature or substance of the conviction." *United States v. Wacker*, 72 F.3d 1453, 1473 (10th Cir. 1995).  This "general rule" recognizes that "unfair prejudice … substantially outweigh[s] the discounted probative value of the record of conviction."  *Old Chief*, 519 U.S. at 191.  As a result, the district court abuses its discretion when it fails to allow an admission in lieu of an official felony record.  *Wacker*, 72 F.3d at 1473 (concluding that "district court abused its discretion when, in spite of [defendant's] offer to stipulate to the fact of his prior convictions, it admitted [the nature and substance of the prior conviction] into evidence"); *Old Chief*, 519 U.S. at 173 (holding that "it was an abuse of discretion to admit the conviction record when the defendant's admission was available").

### IV.    Discussion

### A.  Sufficiency of the Indictment

Mr. Flores' arguments challenge both the legal sufficiency of the indictment and this Court's "federal jurisdiction over the alleged offenses."  (Doc. 28) at 2-3.  First, Mr. Flores argues this Court lacks federal jurisdiction because the indictment did not specify "a nexus to the Commerce Clause."  *Id.*  Second, Mr. Flores similarly contends that "the [i]ndictment is impermissibly vague" because it omits a discussion of "interstate or foreign commerce."  *Id.* Lastly, Mr. Flores claims that the indictment "fails to state where and when each of the alleged offenses occurred and what illegally possessed firearms were allegedly possessed[,]" rendering it legally insufficient.  *Id.* at 1-3.  The Court addresses each of Mr. Flores' arguments in turn.

    *1. Omission of "interstate or foreign commerce" Language*

As an initial matter, Mr. Flores submits that the indictment does not "allege federal

jurisdiction" because it fails to "establish a nexus to the Commerce Clause" or include the

charged conducts' effect on "interstate or foreign commerce." (Doc. 28) at 2.  Mr. Flores'

jurisdictional argument fails because *United States v. Sinks* controls.  473 F.3d 1315 (10th Cir.

2007).  In *Sinks*, the defendant challenged an indictment that did not charge "an interstate

commerce element." *Id.* at 1320.  The Tenth Circuit rejected this argument and explained that

the United States' "failure to allege an element of an offense is not a jurisdictional error." *Id.*

(citing *United States v. Cotton*, 535 U.S. 625, 631 (10th Cir. 2007)).   In making that

determination, the Tenth Circuit expressly distinguished its holding from "our sibling circuits"

which find "an interstate commerce element provides an exception to this general [jurisdiction]

rule." *Id.*  Consequently, the Tenth Circuit concluded that "[i]n this Circuit [], such defects are

not a jurisdictional exception." *Id.*

Mr. Flores' argument that omission of an interstate commerce element "fails to establish

a nexus to the Commerce clause" and thus, strips this Court of "federal jurisdiction" is, therefore,

without merit. *See* (Doc. 28) at 2.  Indeed, "[a]s Judge Easterbrook aptly explained: 'Subject

matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231[1] ….

That's the beginning and the end of the 'jurisdictional' inquiry.'" *United States v. Prentiss*, 256

F.3d 971, 982 (10th Cir. 2001) (internal citation omitted), *abrogated on other grounds by Sinks*,

473 F.3d 1315.  Importantly, in *Sinks*, rather than analyzing the defendant's challenge to the

---

1.      "The district courts of the United States shall have original jurisdiction, exclusive of the
courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

"interstate commerce element" as a jurisdictional defect, the Tenth Circuit reviewed the omission for sufficiency under Rule 12. *Sinks*, 473 F.3d at 1320-21. This Court, likewise, follows suit.

Mr. Flores contends that the indictment is insufficient because it omits the "interstate or foreign commerce" language, rendering it "impermissibly vague." (Doc. 28) at 2. However, "[a]n indictment is not insufficient merely because it fails to recite the precise language of the statute." *Poole*, 929 F.2d at 1479. Rather, the indictment "is sufficient to adequately inform [the defendant] of the charge against him" so long as it includes "words of similar import." *Dashney*, 117 F.3d at 1206. This is especially true where, as here, "the indictment specifically cite[s] [the statute]." *Id.*

In fact, the language that Mr. Flores challenges—the indictment's omission of the interstate commerce element—mirrors the language in the statute. Specifically, Section 922(g)(1) states:

> It shall be unlawful for any person … (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year … to ship or transport in interstate or foreign commerce, *or possess in or affecting commerce*, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(emphasis added). *Compare* (Doc. 24) at 1-2 (indictment) ("knowingly possessed a firearm and ammunition in and affecting commerce"), *with* 18 U.S.C. § 922(g)(1) ("possess in or affecting commerce, any firearm or ammunition"). Mr. Flores' argument that the indictment's language "in and affecting commerce … does not state a federal offense," is, therefore, more aptly framed as a challenge to the statute's drafting. *See* (Doc. 28) at 2. Unfortunately for Mr. Flores, the Tenth Circuit upheld this statutory language more than two decades ago. *See e.g., United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995) (explaining that phrase "in and affecting commerce" in 18 U.S.C. § 922(g) is "jurisdictional element … sufficient to establish its

constitutionality under the Commerce Clause"); *Poole*, 929 F.2d at 1479 (explaining that "phrase 'in and affecting commerce' in § 922(g) was intended by Congress to mean 'that the firearm had been at some time, in interstate commerce'") (citing *inter alia*, *Scarborough v. United States*, 431 U.S. 563, 574 (1977)).

Mr. Flores, therefore, has not persuaded the Court that the indictment is "impermissibly vague" because it omits the words "interstate" and "foreign."  Mr. Flores' argument is "technical" rather than "practical," and the indictment sufficiently puts him "on fair notice of the charge against which he must defend."  *See Bolton*, 68 F.3d at 400.  The Court also notes that a cursory search of this issue would have readily advised counsel of this adverse precedent.  *See McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 440-41 (1988) (explaining that "an attorney must disclose facts and law contrary to his or her client's interests") (citing ABA Model Rule of Professional Conduct 3.3 (1984)).  Even so, the United States is not relieved of its burden to satisfy each element of the offense beyond a reasonable doubt, including the interstate commerce element.  *See* Tenth Cir. Patt. Crim. Jury Instr. § 2.44 (2011) (instructing jury that defendant's conviction on 18 U.S.C. § 922(g)(1) requires proof that "firearm [or ammunition] had moved at some time from one state to another [or from a foreign country to the United States]" (brackets in original); *see also United States v. Urbano*, 563 F.3d 1150, 1155 (10th Cir. 2009) (affirming lower court that instructed jury under 18 U.S.C. § 922(g)(1) that "[t]o find defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt … before the defendant possessed the firearm, the firearm had moved from one state to another").

2. *Omission of "where and when" language and firearm description*

Next, Mr. Flores argues the indictment is impermissibly vague because it "fails to state where and when each of the alleged offenses occurred and what illegally possessed firearms were allegedly possessed[.]"  (Doc. 28) at 3.  However, "the specific type of firearm possessed by a felon is not an essential element of the offense charged under § 922(g)," and thus, the United States need not list it in the indictment.  *United States v. Rucker*, 417 Fed. Appx. 719, 723 (10th Cir. 2011) (citing *United States v. Hamilton*, 992 F.2d 1126, 1130, n.6 (10th Cir. 1993)).  Furthermore, the indictment does not need to include the level of detail Mr. Flores demands as to time and place.  *See e.g., United States v. Gutierrez*, 625 Fed. Appx. 888, 891 (10th Cir. 2015) (upholding indictment that alleged conduct occurred "on or about between August 1, 2011 and November 7, 2011"); *United States v. Edmonson*, 962 F.2d 1535, 1541 (10th Cir. 1992) (upholding indictment that alleged defendant committed offense within three month timeframe); *United States v. Salazar*, 720 F.2d 1482, 1486 (10th Cir. 1983) (upholding indictment that "contains the date of the illegal transactions, tracks the language of [the statute] and adequately sets out the elements of the offense"); and *Butler v. United States*, 197 F.2d 561, 562-63 (10th Cir. 1952) (explaining that "[w]here time is not an essential element of the offense, it is sufficient to charge facts which show that the offense was committed within the statutory period of limitation" and "it [is] not necessary to allege the exact place where the offense was committed").  As a result, the Court rejects Mr. Flores' final "vagueness" argument.

B.  *Prejudice from Prior Felony Convictions*

Lastly, Mr. Flores contends "the indictment contains unredeemably [*sic*] harmful and prejudicial language."  (Doc. 28) at 3.  Specifically, Mr. Flores alleges the indictment's inclusion of his prior felony convictions is "irrelevant and prejudicial."  *Id.*  Notably, the United States

Supreme Court agrees with Mr. Flores' argument, having concluded that "the risk of unfair prejudice [] substantially outweigh[s] the discounted probative value of the record of conviction[.]"  *See Old Chief*, 519 U.S. at 191.

However, the proper remedy is not dismissal of the indictment, but rather, to allow Mr. Flores to stipulate to his prior convictions, should he wish to do so.  *See id.* (holding that "it was an abuse of discretion to admit the record when an admission was available"); *see also Wacker*, 72 F.3d at 1472 (agreeing that "evidence concerning the nature of the predicate crime in a felon in possession case is irrelevant and prejudicial").  Absent any argument from Mr. Flores that *Old Chief* and *Wacker*'s protections are insufficient, the Court concludes that any potential prejudice may be cured by Mr. Flores.  The Court, therefore, denies Mr. Flores' final argument for dismissal.

V.      *Conclusion*

Based on the foregoing, the Court holds that it has federal jurisdiction and the indictment states an "interstate commerce element."  In addition, the Court determines that the indictment's language is sufficiently specific to advise Mr. Flores of the charges against him.  Finally, the Court concludes that Mr. Flores' prejudice concerns may be alleviated with a stipulation at trial. For each of these reasons, the Court denies Mr. Flores' Motion (Doc. 28).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE