IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUBEN FLORES,

    Petitioner,

v.                                                                                                        Civ. No. 22-0542 KG-JFR
                                                                                                        CR No. 20-1725 KG-JFR

UNITED STATES,

    Respondent.

ORDER OF DISMISSAL

This matter is before the Court on Ruben Flores' *pro se* Motion for COVID Relief. (CV Doc. 1; CR Doc. 90) (Motion). Flores is a federal prisoner. He seeks relief from his sentence due to "court proceedings during [the] global COVID pandemic." (CV Doc. 1) at 1. Flores alleges he should have been sentenced to a lower prison term based on an unspecified federal law. *Id.* Flores ask the Court to "correct this error [via a] … resentencing" hearing. *Id.* The proper vehicle for challenging the legality of a federal sentence is a habeas petition under 28 U.S.C. § 2255. *See United States v. Mata-Soto*, 861 Fed. App'x 251, 255 (10th Cir. 2021). By an Order entered August 10, 2022, the Court directed Flores to file a Section 2255 petition within thirty days if he seeks habeas relief. (Doc. 2). Flores was warned that the failure to timely comply may result in dismissal of this matter without further notice.

The original cure deadline was September 10, 2022. The Order was initially returned as undeliverable, based on a recent prison transfer. (Doc. 5). Flores eventually received the Order and sought an unspecified extension of time to comply. (Doc. 6). By a second Order entered November 3, 2022, the Court extended the cure deadline through December 6, 2022. (Doc. 7).

The Order again warned that the failure to timely comply will result in dismissal without further notice.

Flores did not file a Section 2255 motion by December 6, 2022 or otherwise respond to the second Order. Hence, the Court will dismiss the Motion without prejudice pursuant to Fed. R. Civ. P. 41(b). That rule permits dismissal for "failure to prosecute [and] comply with the ... court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Rule 11. The failure to prosecute this case is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA only issues where "reasonable jurists would find the district court's assessment ... debatable or wrong"); *DeAtley v. Williams,* 782 Fed. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41). Finally, because no specific claims have been presented, the Motion will not count as Flores' first Section 2255 proceeding for purposes of the restrictions on successive claims. *See* 28 U.S.C. § 2255(h).

IT IS ORDERED:

1. Ruben Flores' *pro se* Motion for COVID Relief (CV Doc. 1; CR Doc. 90) is dismissed without prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a judgment closing the civil habeas case.

_____
UNITED STATES DISTRICT JUDGE